# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

v.                            No. 4:19-cr-176-DPM

**MICHAEL GRAY**                                                      **DEFENDANT**
**Reg. No 32709-009**

## ORDER

Gray has filed a motion related to a recent amendment to the Sentencing Guidelines. When he was sentenced, he received two criminal history status points because he was on parole when he committed his new crime. He would receive only one status point under the amended Guidelines. This change affects Gray's advisory guideline range. He is now in criminal history category V.

The United States opposes any reduction to his sentence based on the amendment. But it's unclear if Gray is asking for a reduced sentence. According to Gray, being placed in a lower criminal history category may have some benefits while he is in BOP custody.

My options are somewhat limited. The relevant statute says that I can reduce a defendant's sentence based on a retroactive change to the guidelines. 18 U.S.C. § 3582(c)(2). But it doesn't say that I can direct a revision to a defendant's presentence report post-sentencing. And now that Gray is in BOP custody, it's their call about how he should be categorized as a recidivism risk.

Gray's motion, *Doc. 40*, is therefore denied. The government's motion to dismiss, *Doc. 41*, is granted. With that said, I want to make two things clear. First, Gray is correct. Under the amended guidelines, he would be in criminal history category V, not VI. Second, Gray should be commended for how he has performed in custody. Five years of sobriety in May, vocational training, and helping with tornado relief is all impressive work. Well done.

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 March 2024